**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kevin Fitzgerald,                                                           Civil No. 14-2224 (DWF/FLN)

                    Plaintiff,

v.                                                                              **MEMORANDUM**
                                                                                **OPINION AND ORDER**
Zakheim & LaVrar, P.A.,

                    Defendant.

_____

Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., counsel for Plaintiff.

Russell S. Ponessa, Esq., and Ashley M. DeMinck, Esq., Hinshaw & Culbertson, LLP,
counsel for Defendant.

_____


# INTRODUCTION

This matter is before the Court on Defendant Zakheim & LaVrar, P.A.'s

("Zakheim & LaVrar") Motion to Dismiss for Lack of Personal Jurisdiction.  (Doc.

No. 4.)  For the reasons set forth below, the Court grants Defendant's motion.

# BACKGROUND

Plaintiff Kevin Fitzgerald ("Fitzgerald") is a restaurant owner who resides in

St. Paul, Minnesota.  (Doc. No. 1 ("Compl.") ¶¶ 4, 7.)  Defendant Zakheim & LaVrar is a

Florida law firm with its principal place of business in Plantation, Florida.  (*Id.* ¶ 5; Doc.

No. 7 ("LaVrar Aff.") ¶ 3.)

In June 2013, Defendant and Discover Bank obtained a civil judgment against an individual named Kevin M. Fitzgerald in the District of Florida for $5,139.30 relating to an unpaid consumer debt with Discover Bank.  (Compl. ¶ 6.)  On June 20, 2013, the Broward County Court in Florida ordered a writ for garnishment directed to Wells Fargo Bank ("Wells Fargo") regarding the outstanding judgment in the amount of $5,139.30 against the debtor identified as Kevin M. Fitzgerald.  (*Id.* ¶ 7.)

On June 28, 2013, Defendant served the writ of garnishment on Wells Fargo.  (*Id.* ¶ 8.)  According to Plaintiff, Defendant only provided Wells Fargo with the name "Kevin M. Fitzgerald," the last known address of the debtor, and the last four digits of the debtor's social security number, despite allegedly having possession of the debtor's full name (including middle name), full social security number, full date of birth, and other identifying information.  (*Id.* ¶¶ 10-11.)

Later that day, Plaintiff attended a dinner at a restaurant in Minneapolis, Minnesota.  (*Id.* ¶ 17.)  Following the dinner, Plaintiff attempted to pay his restaurant bill with his Wells Fargo debit card, but a server informed Plaintiff that his card had been declined.  (*Id.* ¶ 19.)  Plaintiff then called Wells Fargo and discovered that a hold was placed on his account due to a garnishment summons issued in Florida.  (*Id.* ¶ 20.)

On July 1, 2013, Plaintiff's wife met with a Wells Fargo representative in St. Paul, Minnesota regarding the hold on Plaintiff's account.  (*Id.* ¶ 22.)  Plaintiff alleges that during the meeting, the Wells Fargo representative told Plaintiff's wife that the hold was a mistake, that the hold should have been directed at a different person, and that the hold would be lifted.  (*Id.*)

On July 7, 2013, Plaintiff checked his bank account balance and discovered that Wells Fargo had deducted $10,278 from his account and had issued a hold on his Safe Deposit Box. (*Id.* ¶ 23.) Plaintiff alleges that he contacted Wells Fargo and was told that nothing could be done to address the problem because it was a Sunday. (*Id.*)

On July 8, 2013, Plaintiff's wife called Wells Fargo and obtained a copy of the writ of garnishment from Wells Fargo against an individual named Kevin M. Fitzgerald for a debt with Discover Bank. (*Id.* ¶ 24.) Plaintiff then discovered that the Kevin M. Fitzgerald named on the writ of garnishment had a different social security number and date of birth than Plaintiff's social security number and date of birth. (*Id.* ¶ 25.) According to Plaintiff, when Plaintiff's wife contacted a Wells Fargo representative regarding this discovery, the representative allegedly told her that he would attempt to fix the issue but that he did not know if or when the problem would be resolved. (*Id.* ¶ 26.)

On July 9, 2013, Plaintiff met with two Wells Fargo representatives. (*Id.* ¶ 28.) At that meeting, Plaintiff alleges that he told the representatives that his funds were wrongfully taken. (*Id.*) According to Plaintiff, during that meeting, one of the representatives allegedly admitted that Wells Fargo was at fault for the withdrawal of funds from Plaintiff's account and that Wells Fargo had made a mistake. (*Id.* ¶ 30.) Plaintiff alleges that the same representative blamed Defendant and Discover Bank for initiating the garnishment without more complete information. (*Id.* ¶ 31.) Later that day, the garnished funds were returned to Plaintiff's Wells Fargo account. (*Id.* ¶ 32.)

On June 25, 2014, Plaintiff commenced this action against Defendant alleging a single count: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

*et seq.* (*Id.* ¶¶ 35-37.) Defendant now moves to dismiss the action for lack of personal jurisdiction. (Doc. No. 4.)

## DISCUSSION

**I.      Motion to Dismiss for Lack of Personal Jurisdiction**

**A.      Personal Jurisdiction Standard**

When a defendant challenges personal jurisdiction, the plaintiff has the burden to show that personal jurisdiction exists. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (citing *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992)). To survive a motion to dismiss for lack of personal jurisdiction, however, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995)).

When considering whether personal jurisdiction exists, the court may consider matters outside the pleadings; "the court may inquire, by affidavits or otherwise, into the facts as they exist." *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998) (quoting *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). For the purposes of determining whether the plaintiff has made a prima facie showing of personal jurisdiction, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor. *See Digi-Tel*, 89 F.3d at 522 (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)).

In determining whether a court has personal jurisdiction over a non-resident defendant, a court must ordinarily satisfy both the requirements of the state long-arm statute and of federal due process. *Northrup King*, 51 F.3d at 1387. Minnesota's long-arm statute extends jurisdiction to the maximum limit consistent with due process; therefore a court in Minnesota need only evaluate whether the requirements of due process are satisfied. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).

Federal due process requires that defendants have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). A defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It is essential in each case that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Under the minimum contacts analysis, personal jurisdiction over a non-resident defendant may be either general or specific. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003). General jurisdiction arises when a defendant maintains such "continuous and systematic" contacts with a state that it becomes subject to the jurisdiction of that state's courts for any purpose. *Morris v. Barkbuster, Inc.*, 923 F.2d

1277, 1281 (8th Cir. 1991) (quoting *Helicopteros Nacionales de Columbia v. Hall*, 466

U.S. 408, 416, 418-19 (1984)).  Specific jurisdiction arises when a defendant purposely

directs its activities at residents of the forum and the litigation results from alleged injuries

that arise out of or relate to those activities.  *Wessels*, 65 F.3d at 1432 (quoting *Burger

King*, 471 U.S. at 472).

Regardless of which analysis is used, the Eighth Circuit applies a five-factor test to

determine whether the exercise of personal jurisdiction would pass constitutional muster:

(1) the nature and quality of defendant's contacts with the forum state; (2) the quantity of

contacts; (3) the source and connection of the cause of action with those contacts; (4) the

interest of the forum state; and (5) the convenience of the parties.  *See Wessels*, 65 F.3d

at 1432.  The first three factors are of primary importance and the last two are "secondary

factors."  *Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co.*, 63 F.3d 694, 697 (8th

Cir. 1995).  The third factor distinguishes between specific and general jurisdiction.  *See

Digi-Tel*, 89 F.3d at 523 n.4 (citing *Wessels*, 65 F.3d at 1432, n.4).

### B.  Personal Jurisdiction over Defendant

Plaintiff appears to argue that this Court may exercise general jurisdiction over

Defendant as a result of Defendant's alleged "shotgun approach" to sending garnishments

to Minnesota banks.[1]  (*See* Doc. No. 14 at 4-7.)  Plaintiff contends that "[u]pon

information and belief, Defendant takes a shotgun approach in order to collect from

---

[1]      Although Plaintiff does not expressly identify the type of personal jurisdiction—
general or specific—at issue in this case, Plaintiff appears to focus its analysis on general
jurisdiction principles.  (*See generally* Doc. No. 14.)

judgment debtors," and that "[d]iscovery may reveal that Defendant, instead of researching where a judgment debtor has funds, fires off writs of garnishment to many commercial banks in a blind hunt for potentially garnishable funds."[2]  (*Id.* at 4-5.) Plaintiff further contends that "given Defendant's shotgun approach to garnishment[,] Defendant's contacts [with Minnesota] may have been numerous as a result of other writs and therefore made litigation in Minnesota foreseeable."  (*Id.* at 4.)  Finally, Plaintiff argues that "[b]ecause discovery may show Defendant had sufficient contacts with Minnesota, personal jurisdiction may be proper and Defendant's motion should be denied."  (*Id.* at 7.)

Defendant argues that it lacks the requisite minimum contacts with the State of Minnesota to support the exercise of either general or specific personal jurisdiction.  (*See* Doc. No. 6 at 7-10; Doc. No. 16 at 1-4.)  First, Defendant asserts that it has not maintained continuous and systematic contacts with Minnesota, and therefore, general jurisdiction does not exist.  (*See* Doc. No. 16 at 3.)  Defendant notes that it is a Florida law firm and that it has no offices, employees, agent for services of process, or real or personal property in Minnesota.  (LaVrar Aff. ¶¶ 3, 5-7, 10.)  In addition, Defendant

---

[2]       As Defendant correctly observes, Plaintiff has not requested leave to conduct jurisdictional discovery.  (*See* Doc. No. 16 at 2 n.3.)  Even if Plaintiff were to request that it be allowed to conduct jurisdictional discovery to explore whether Defendant may have any additional contacts with Minnesota, the Court finds that jurisdictional discovery is not appropriate in this case because Plaintiff has, for the most part, offered only speculative and conclusory allegations that Defendant conducts business in Minnesota. *See Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (providing that jurisdictional discovery should not be permitted where a plaintiff offers mere "speculations or conclusory allegations" regarding the defendant's contacts with the forum state).

maintains that it does not conduct business in Minnesota and that is neither registered nor licensed to do business in Minnesota.  (*Id.* ¶¶ 8-9, 11.)  Defendant further contends that it has not engaged in any activities in Minnesota that would demonstrate a relationship or contacts sufficient to create personal jurisdiction.  (Doc. No. 6 at 7.)

Second, Defendant asserts that all of the allegations against it arise out of or relate to conduct that did not occur in Minnesota, and therefore, the standards for exercising specific jurisdiction are not satisfied.  (*See id.* at 4-9.)  Defendant argues that Plaintiff has failed to identify "any actions taken by Zakheim & LaVrar in or directed at the State of Minnesota." (*Id.* at 4.)  Defendant argues that all of the actions taken by Defendant that are the subject of this lawsuit occurred in and were exclusively directed toward the State of Florida. (LaVrar Aff. ¶¶ 17-22.)  Specifically, Defendant asserts that it "served a Writ of Garnishment issued by a Florida court on a Florida branch of Wells Fargo requesting garnishment of a Florida debtor's account."  (Doc. No. 6 at 8.)  Defendant further asserts that "[t]he only party to direct its actions toward Minnesota was Wells Fargo, and it is well-established that a third-party's contacts with the forum do not create personal jurisdiction over the defendant."  (Doc. No. 16 at 4 (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014)).)  Moreover, Defendant contends that its actions were at the behest of its client, Discover Bank, and that a law firm acting on behalf of its client does not purposefully avail itself of the privilege of conducting activities in the forum state.  (Doc. No. 16 at 8 (citing *Nash Finch Co. v. Preston*, 867 F. Supp. 866, 868 (D. Minn. 1994)).).

In light of the record, the Court concludes that Defendant is not subject to general or specific personal jurisdiction in the State of Minnesota because Defendant has not

maintained sufficient minimum contacts with the forum state. *See Int'l Shoe Co.*, 326 U.S. at 316. First, the Court finds that it lacks general personal jurisdiction over Defendant because Defendant's contacts with Minnesota are not continuous and systemic. The record reflects that Defendant is a Florida law firm that is not registered or licensed in Minnesota, has no place of business, property, or employees in Minnesota, and does not conduct business in Minnesota. (LaVrar Aff. ¶¶ 3, 5-11.) Plaintiff has failed to produce evidence showing that Defendant has a history of doing business in Minnesota, or with Minnesota entities or citizens. Plaintiff's speculative and conclusory allegations regarding Defendant's alleged wrongful garnishments in Minnesota are insufficient to establish general jurisdiction over Defendant. *See Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006) (ruling that conclusory allegations did not satisfy the plaintiff's burden to establish a prima facie case regarding jurisdiction). The Court thus declines to find that it has general jurisdiction over Defendant.

Second, the Court concludes that it lacks specific personal jurisdiction over Defendant. Plaintiff fails to allege particular facts sufficient to show that Defendant "purposefully directed" its actions at Minnesota residents or that the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472. In fact, Plaintiff concedes that "Defendant was presumably aiming at a Florida resident" when it submitted the writ of garnishment at issue to Wells Fargo. (*See* Doc. No. 14 at 5.) Plaintiff has not identified any additional activities that show that Defendant purposefully directed its "shotgun approach to garnishment" (*see id.* at 4) at Minnesota residents such that Defendant could "reasonably anticipate being haled into

court" in Minnesota.  *See 3D Sys.*, 160 F.3d at 1378.  Plaintiff's jurisdictional arguments set forth in its complaint are mere legal conclusions and, accordingly, are insufficient alone to satisfy its burden of establishing a prima facie case of specific jurisdiction over Defendant.  *See Johnson*, 444 F.3d at 956.  The Court therefore concludes that Defendant's contacts with Minnesota fail to support an assertion of specific personal jurisdiction in this case.  *See World-Wide Volkswagen Corp.*, 444 U.S. at 297.

## CONCLUSION

The Court concludes that there is no basis to exercise personal jurisdiction over Defendant.  Based on the record before it, the Court finds that Plaintiff has failed to make a prima facie showing that Defendant is subject to general or specific personal jurisdiction in Minnesota.  Plaintiff's mere speculation as to Defendant's alleged improper garnishments of bank accounts in Minnesota is insufficient to establish the minimum contacts necessary for this Court to exercise personal jurisdiction over Defendant.  Therefore, the Court grants Defendant's motion to dismiss.[3]

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

---

[3]     To the extent that Plaintiff requests that this Court transfer venue to a court in Florida (*see* Doc. No. 14 ("Pl.'s Mem. Opp'n")), the Court declines to transfer venue. *See Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (upholding district court's decision to "declin[e] to grant a motion that was never properly made" but raised only in opposition to a motion to dismiss and in an objection to the magistrate judge's recommendations); *see also* Fed. R. Civ. P. 7(b)(1).

1.     Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc.

No. [4]) is **GRANTED**.

2.     Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITHOUT**

**PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 11, 2015                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge